UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA C. BORGER,<br><br>Plaintiff,<br><br>vs.<br><br>NURSE M1163, Nurse on duty at Correctional Medical Management LLC, Individual Capacity; NURSE M1153, Nurse on duty at Correctional Medical Management LLC, Individual Capacity; MH2018WILSON, MH Counselor at Correctional Medical Management LLC in individual capacity; COUNSELOR M1007, MH counselor at Correctional Medical Management LLC in individual capacity,<br><br>Defendants. | 4:24-CV-04090-ECS<br><br>ORDER DENYING MOTION TO REOPEN CASE |

Plaintiff Joshua Borger, proceeding pro se, requests to reopen his case. Doc. 20. Borger requests his case be reopened because the facility where he was incarcerated did not forward to him mail from this Court upon his release, despite him providing the facility with a forwarding address. Id. at 1. Borger acknowledges that he "should have updated [his] address with a phone call" but claims he did not do so because he "was expecting any mail to be [forwarded]." Id. Under Federal Rule of Civil Procedure 60(b), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" for specific reasons. Relevant to Borger's current motion is Rule 60(b)(1) and 60(b)(6).

Under Rule 60(b)(1), a court may set aside a judgment or order for "mistake, inadvertence, surprise, or excusable neglect." "Excusable neglect means good faith and some reasonable basis for noncompliance with the rules." United States v. Puig, 419 F.3d 700, 702 (2005) (quoting Ivy v. Kimbrough, 115 F.3d 550, 552 (8th Cir. 1997)).

Here, Borger was aware of his obligation to keep the Court informed of his updated address. The Clerk's Office informed Borger that he "must keep the Court informed if the plaintiff's address changes. If the Court is not kept informed and multiple items are returned as undelivered, the plaintiff's case may be dismissed without prejudice for failure to prosecute." Doc. 4 (citation modified). That Borger believed the facility where he was incarcerated would forward his mail does not provide a basis for him to ignore the Clerk's Office's instructions to update his address with the Court, nor does it provide a valid reason to reopen his case. Accordingly, this Court denies a request to reconsider under Rule 60(b)(1).

Federal Rule of Civil Procedure 60(b)(6) also permits a court to relieve a party from a final judgment or order for "any other reason that justifies relief." Borger's case was dismissed without prejudice, permitting him to file a new case raising such claims, which may be subject to screening under 28 U.S.C § 1915A. Thus, this Court does not find that Borger's failure to update his address justifies relief from the dismissal of his claims without prejudice.

Accordingly, it is

ORDERED that Borger's Motion to Reopen, Doc. 20, is denied.

DATED August 14, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE